OF

# THE STATE OF NEW JERSEY.

## MAY TERM, 1892.

———————

ALEXANDER T. McGILL, ORDINARY.

———

ABRAHAM V. VAN FLEET, VICE-ORDINARY.

———————

In the matter of application for probate of a paper purporting to be the last will and testament of DAVID FISHER, deceased.

Where a caveat against the admission to probate of a paper purporting to be the will of D. F., deceased, was filed by a person interested in his estate, with the surrogate of the county in which D. F. resided at his death, and afterwards application was made to that surrogate to admit such a paper, caveated against, to probate, and, before the surrogate had issued citations for the appearance of the parties interested, in the orphans court, and before that court had taken action in the matter, the application was withdrawn by writ-

[517]

ing delivered to the surrogate.—*Held*, that the withdrawal was a sufficient discontinuance of the proceeding, and that the ordinary will assume jurisdiction upon a subsequent application to him for probate of the same paper.

On motion to dismiss said application.

David Fisher died, at his residence in Middlesex county, on the 17th day of May, 1892. On the 21st of the same month the paper, which is now offered for probate as his will, was delivered, for safe keeping, to Benjamin F. Howell, who was then the surrogate of Middlesex county. The delivery was expressed to be to Mr. Howell as an individual, and not as surrogate, and Mr. Howell placed the will, with his private papers, in a safe in the surrogate's office, without marking it filed. On the same day Ida M. Benner, a daughter of David Fisher, filed a caveat against the admission to probate of any paper which should purport to be her father's will. On the 31st of the same month Frank E. Fisher, a son of David Fisher, who had been named as one of the executors in the paper which had been delivered to Mr. Howell, filed, with the surrogate of Middlesex county, a written application for the probate of that paper, as his father's will, and, at the same time, in writing, requested the surrogate, in view of the caveat theretofore filed, to issue citations to all persons in interest to appear before the orphans court and show cause, if any they should have, against the probate asked for, and notified him to retain possession of the alleged will. On the 2d of June the citations asked for were prepared, but were neither issued nor served, because the proctor of the applicant requested the surrogate to withhold them. They were made returnable on a day arbitrarily fixed by the surrogate, without consultation with the orphans court. No application was made to that court concerning the matter, and no action was had by that court with reference to it. Nothing appears upon the records of that court to indicate that the matter was or is pending in that court. On the 7th of June the applicant filed with the surrogate a written withdrawal, or discontinuance, of his application for probate of the paper, which was addressed to the surrogate and not to the orphans court, and later in the same day applied

Fisher's Case.

to the ordinary to admit the same paper to probate as the will of his father. Upon such application the ordinary directed that citations issue to all parties in interest, returnable on the 12th day of July then next. Upon the return day, Ida M. Benner, the caveatrix, and William F. Fisher, one of the sons of David Fisher, appeared by counsel, and objected, that the ordinary was without jurisdiction to grant probate of the paper, because the application that Frank E. Fisher had made for the probate of the same was then pending, undetermined, in the orphans court of Middlesex county, and moved to dismiss the proceeding. The facts upon which this objection was predicated, appearing only by the allegations of counsel, the ordinary directed that evidence be taken to prove them. By the proofs, taken in pursuance of that direction, the facts stated appear.

*Mr. Abraham V. Schenck* and *Robert Adrain*, for the motion.

*Mr. Willard P. Voorhees, contra.*

THE ORDINARY.

The question presented by the motion is, whether the attempted discontinuance of the application for probate in Middlesex county was effectual. In matter of this character, the jurisdiction of the ordinary, and of the surrogate and orphans court, is concurrent, and the ordinary will not proceed if, at the time of the application to him, a similar proceeding is pending before the surrogate or the orphans court. *Matter of Coursen's Will, 3 Gr. Ch. 408.*

It is not disputed that the written withdrawal of the application to the surrogate for probate was sufficient in its terms to effectuate its purpose. The contention is, that when it was presented to the surrogate the proceeding, commenced by the application, was in the orphans court, and, therefore, beyond the surrogate's jurisdiction and control.

It is clear that, when the withdrawal was presented, Frank E. Fisher was the only party to the proceeding for probate actually in court. He, alone, had asked for probate. No others had ap-

peared in the proceeding he inaugurated, or had been brought in by process. The case is, therefore, free from objection, on the score that others had acquired rights in the proceeding, of which they could not be divested without opportunity to be heard.

The precise question that has been argued is, whether, when the withdrawal or discontinuance was filed, the matter had passed from the surrogate to the orphans court.

The statute (*Rev. p. 755 § 14*) provides that

"the surrogates of the several counties of this state shall take depositions to wills and admit the same to probate and grant letters testamentary thereon; but in case doubts arise on the face of a will, or a caveat is put in against proving a will, or a dispute arises respecting the existence of a will, the surrogate shall not act in the premises, but shall issue citations to all persons concerned to appear in the orphans court of the same county, which court shall hear and determine the matters in controversy."

The design of this statute is too clear to be seriously questioned. It is, that the surrogate is to admit to probate where there is no doubt, question or dispute; but where doubt appears, or a dispute arises, or notification of parties is demanded, he is not to act judicially, but is to issue citations to compel appearance in the orphans court. He, not the orphans court, is to issue the citations, which are to call the parties in interest to the orphans court. The matter has inception as a proceeding in the orphans court when that court acts with reference to it and not before. Until then, or at least until the citations are issued, it remains with the surrogate.

There have been two adjudications in this state which touch the question of jurisdiction here discussed. The first of them is the case of *Slocum* v. *Grandin, 11 Stew. Eq. 485,* which was affirmed by the court of errors and appeals, *13 Stew. Eq. 342.* In that case the events chronologically stated were as follows: A caveat was filed with the surrogate; the will was propounded for probate; the orphans court fixed a day for hearing; the caveat was withdrawn and the will was admitted to probate by the surrogate. In questioning the validity of the surrogate's action, Chancellor Runyon, sitting as ordinary, said: "I am not able to see how, under that statute, where a caveat has been

filed and the subject of controversy has gone into the orphans court for determination, that that court can be ousted of its jurisdiction over it and the surrogate recover his by the mere withdrawal of the caveat. In the case in hand, where the orphans court made its order fixing the day for hearing, the matter was out of the jurisdiction of the surrogate and whatever action was thereafter to be taken in the matter, whether upon the withdrawal of the caveat or otherwise, should have been taken in the orphans court and not before the surrogate."

Following this decision is the case of *Thurston* v. *Gough, 15 Stew. Eq. 346,* in which a caveat was filed and then withdrawn, and thereafter the will was propounded for probate and admitted to probate by the surrogate. Upon this state of facts the ordinary (Runyon) said : " In *Grandin* v. *Slocum, 11 Stew. Eq. 485,* it was held that where a caveat has been filed and ·the orphans court has fixed a day for the hearing thereupon, the surrogate's jurisdiction is not restored by the withdrawal of the caveat. In this case the caveat was withdrawn before any action thereon had been taken by the orphans court. The mere fact that the caveat has been filed, will not, if the caveat has been withdrawn before the surrogate is called upon to act, and before the orphans court has taken any action under it, deprive the surrogate of jurisdiction. But if there is a subsisting caveat, or if one has been filed, and, though withdrawn, it was not withdrawn until after the orphans court had taken action under it, the surrogate will have no jurisdiction."

In both of these cases the jurisdiction of the surrogate to admit the will to probate was the question under consideration, and in both it was held that it is not lost, beyond recall, until some action had been had in the orphans court. These cases are both in harmony with that which I have stated as the design of the statute.

The filing of a caveat does not commence a proceeding for probate. It stands as a challenge to such a proceeding, forbidding probate by surrogate, orphans court or ordinary, until notice of the proceeding shall be given to the caveator. When a caveat is filed, the surrogate cannot move until some one applies to him

to admit a specified paper to probate as the will of the decedent,. and thus calls upon him to act. Then, if the application be urged, the effect of the caveat, under the statute, is to require him to cite the caveator and others concerned to the orphans court. After the application is made to the surrogate, and before he issues his citations, and before the orphans court acts, the application remains with him, and, if it be withdrawn, it must be withdrawn from him.

In the case considered, the withdrawal of the application was perfected before the surrogate had issued citations and before the orphans court had acted. I think that it was properly addressed to the surrogate, and that it effectually terminated the proceeding which the application began.

I perceive no sufficient reason why the present application to the ordinary should be dismissed.

The motion will be denied, with costs.